UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GARY MONTGOMERY,

    Plaintiff,

v.

KENDRA WHIDBEE, et al.,

    Defendants.

Case No. 3:19-cv-00747

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair E. Newbern

## MEMORANDUM ORDER

Now before the Court in this civil rights action are pro se and *in forma pauperis* Plaintiff Gary Montgomery's motion to reconsider appointment of counsel (Doc. No. 19) and motion for an extension of time to respond to Defendants Granvisse Earl and Kinya Jamison's motion to dismiss his complaint (Doc. No. 18). For the reasons that follow, Montgomery's motion to reconsider (Doc. No. 19) will be denied, and his motion for an extension (Doc. No. 18) will be granted.

**I.    Background**

Montgomery alleges that his right to vote was violated while he was incarcerated as a pretrial detainee at the Davidson County Jail in Nashville, Tennessee. (Doc. No. 1.) On March 18, 2020, the Court granted Montgomery's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, finding that he had stated colorable claims under federal and state law against Program Director Earl and Case Manager Jamison for violation of his voting rights and dismissing all other claims. (Doc. Nos. 8, 9.) The Court also denied Montgomery's motion to appoint counsel, which he filed with his complaint, concluding that "the factual and legal issues presented are not unusually complex, and [Montgomery] has demonstrated

the ability to plead his case cogently and articulately." (Doc. No. 8, PageID# 56.) The Court found that Montgomery could renew his request for appointment of counsel "if warranted by the progress of the litigation." (*Id.*)

Earl and Jamison responded to Montgomery's complaint with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting the affirmative defense of qualified immunity. (Doc. Nos. 15, 16.) On June 8, 2020, the Court received two motions from Montgomery: a motion to reconsider appointment of counsel (Doc. No. 19) and a motion asking the Court to extend the deadline to respond to the defendants' motion to dismiss until fourteen days after the Court determines whether to appoint him counsel (Doc. No. 18). In renewing his request for appointment of counsel, Montgomery stated that he was "recently relocated from [the] facility on Harding Place to the new jail [in] downtown Nashville[,] where no law library or ability to look up or search any statutes or caselaw exists." (Doc. No. 19, PageID# 97, ¶ 2.) Montgomery also alleged that "case managers have been directed to deny use of phones for attorney calls[,] hindering [his] ability to seek counsel." (*Id.* at PageID# 98, ¶ 7.) On June 12, 2020, the Court received a memorandum of law from Montgomery in support of his request for appointment of counsel. (Doc. No. 20.) Among other things, Montgomery argued that the complexity of this case and his inability to conduct an investigation while incarcerated weigh in favor of appointment of counsel. (*Id.*)

On June 16, 2020, the Court ordered the defendants "to file a response to Montgomery's allegations concerning the lack of access to legal resources by June 19, 2020." (Doc. No. 21, PageID# 108.) The defendants filed a timely response, stating that people incarcerated at the downtown detention center have "unlimited access" to tablet computers for conducting legal research. (Doc. No. 23, PageID# 111.) The defendants also "aver that it is not the practice or policy

of the Davidson County Sheriff's Office to" deny people in their custody access to phones for attorney calls. (*Id.* at PageID# 112.)

## II. Legal Standard

In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right." (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 922 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine whether exceptional circumstances exist, "a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

## III. Analysis

Montgomery has not shown exceptional circumstances that warrant appointment of counsel at this early stage of the litigation. The Court has already found that the factual and legal issues in this case are not unusually complex, and Montgomery has not offered a compelling reason to depart from that conclusion. Further, despite Montgomery's alleged inability to research any case law at the downtown detention center, the defendants have stated that people incarcerated there have unlimited access to tablets for conducting legal research, and Montgomery's memorandum of law is peppered with citations to relevant legal authority. Through multiple filings, Montgomery has proven his ability to effectively communicate his position to the Court.

(Doc. Nos. 1, 4–7, 10, 12, 18–20.) Finally, although Montgomery has expressed concern that he will not be able to adequately investigate the facts underlying his claims without the assistance of an attorney, he has not explained why he cannot use the discovery tools provided by the Federal Rules of Procedure to conduct such an investigation. *See Salerno v. Corzine*, Civil Action No. 06-3547, 2007 WL 316421, at *2 (D.N.J. Jan. 29, 2007) (finding that appointment of counsel was not warranted where, among other things, incarcerated plaintiff could "conduct fact investigation using the discovery tools made available to him under the Federal Rules of Civil Procedure" and he "ha[d] not described any particular challenges to his ability to conduct discovery"). Accordingly, Montgomery's motion to reconsider appointment of counsel (Doc. No. 19) will be denied without prejudice to refiling if circumstances change significantly—for instance, if Montgomery's claims survive summary judgment.

However, Montgomery's unopposed motion for an extension of time to respond to the defendants' motion to dismiss until after the Court resolves his request for appointment of counsel (Doc. No. 18) will be granted.

**IV.     Conclusion**

For the foregoing reasons, Montgomery's motion to reconsider appointment of counsel (Doc. No. 19) is DENIED WITHOUT PREJUDICE and his motion for an extension of time to respond to the defendants' motion to dismiss (Doc. No. 18) is GRANTED. Montgomery is ORDERED to file his response in opposition to that motion by July 20, 2020. Montgomery is reminded that failure to file a response in opposition may result in the motion being deemed unopposed.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge