# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| GARY MONTGOMERY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:19-cv-00747 |
| KENDRA WHIDBEE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After the Davidson County Election Commission rejected his application for absentee ballot as untimely and he was unable to vote in the 2018 midterm elections, Gary Montgomery, a pretrial detainee, filed suit against his jailers. Among them were Kinya Jamison and Granvisse Earl whom, Montgomery alleges, violated the Equal Protection Clause of the Fourteenth Amendment and the First Amendment by denying him the right to vote, and breached a common law duty of care by preventing him from getting his application for a ballot in on time. Jamison and Earl filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. No. 15) asserting they were entitled to qualified immunity on the federal claims because the facts alleged by Montgomery do not demonstrate deliberate indifference. They likewise argued that they were entitled to immunity under the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-102(3)(A) with regard to the state law claims.

In a 14-page Report and Recommendation ("R & R") (Doc. No. 15) that correctly applied the appropriate standard of review to Montgomery's factual allegations, Magistrate Judge Alistair Newbern recommends that the motion to dismiss be granted as to Earl because Montgomery (1)

"does not allege any conduct by Earl at all"; (2) "states only that Jamison said she would take his application to Earl to be notarized"; and (3) "does not allege that Earl delayed notarizing the application or that Earl knew any of the circumstances Montgomery alleges surrounding the receipt and mailing of his application." (Id. at 9). As for Jamison, Magistrate Judge Newbern found that the complaint plausibly alleged deliberate indifference, but, in doing so observed:

> At this stage, the Court's task is to determine only if Montgomery "is entitled to offer evidence to support [his] claims[,]" not whether he "will ultimately prevail" by proving the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Montgomery has an uphill battle to prove that Jamison's actions constitute deliberate indifference. However, because Montgomery has plausibly alleged the violation of his clearly established constitutional rights in his complaint, Jamison is not entitled to qualified immunity against his claims based only on the pleadings.

(Id. at 12).

Notwithstanding Magistrate Judge Newbern's signal that Jamison's argument about deliberate indifference is better addressed somewhere down the road, (likely on a motion for summary judgment after a record has been developed), Jamison has filed an Objection (Doc. No. 30) to the R & R. Jamison insists the Complaint makes clear that she "provided Plaintiff with the necessary election forms in advance of the deadline" and, consequently, she could not have been deliberately indifferent by "depriving Plaintiff of his only means of voting." (Doc. No. 30 at 1). Jamison develops this further in an accompanying Memorandum where she argues she (1) was Montgomery's "new case manager at his new housing pod"; (2) "provided Plaintiff with an application for an absentee ballot on October 8, 2018, more than a week before the deadline"; (3) "took care of getting Plaintiff's application notarized"; and (4) returned the notarized ballot to Montgomery on October 12, 2018, which was "four days ahead of the application deadline (on

2

Friday before the Tuesday deadline)." (Doc. No. 131 at 1-2). Jamison also notes that there were other ways for Montgomery to obtain an application to vote, such as by "requesting one directly from the Election Commission or from an inmate advocacy organization [by] either himself or with the help of a friend or family member." (Id. at 3).

All of this may well be true, but none of it was lost on Magistrate Judge Newbern. Nor does it take into account the procedural posture of the case, or that Montgomery is proceeding without counsel.

*Pro se* pleadings are held "to less stringent standards than formal pleading drafted by lawyers, Williams v. Curin, 631 F.3d 380, 383 (6th Cir. 2011), and are "liberally construed." Luis v. Zang, 833 F.3d 619, 626 (6th Cir. 2016). "The complaint is viewed in the light most favorable to [Montgomery]; the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in his favor." Gavitt v. Born, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing Jelovsek v. Bredesen, 545 F.3d 431, 434 (6th Cir. 2008). "To avoid dismissal, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Moreover, "'[d]ismissals of complaints under the civil rights statutes are scrutinized with special care.'" Scott v. Ambani, 577 F.3d 642, 646 (6th Cir. 2009) (quoting Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976)).

Magistrate Judge Newbern recognized the appropriate standards in recommending that the claims against Jamison not be dismissed this early in the case. In this regard, the Court agrees with that recommendation based upon the following observations in the R&R:

Montgomery alleges that, after unsuccessful attempts over several years to obtain an

3

absentee ballot from jail officials, he began to believe that those officials were intentionally preventing him from voting. On or around September 18, 2018, Montgomery expressed that belief to Jamison. Montgomery alleges that Jamison did not provide Montgomery with an application until October 8, twenty days after he requested it; knew that the application had to be submitted to the Election Commission by October 16; knew that the application had to be notarized; assured Montgomery that she would get his application notarized by Earl; and, after Montgomery gave her his completed application immediately after receiving it on October 8, did not return the notarized application until October 12, four days before the October 16 deadline. Taking these allegations as true and construing them liberally in the light most favorable to Montgomery, as the Court must at this stage of the proceedings, Montgomery has plausibly alleged that Jamison disregarded the consequence of her delay and was deliberately indifferent to his right to vote by depriving him of his only means of voting in the 2018 election.

(Doc. No. 30 at 8-9).

In reaching this conclusion and agreeing with the R & R, the Court is mindful that a defendant's "entitle[ment] to qualified immunity is a threshold question to be resolved at the earliest possible point." Vakilian v. Shaw, 335 F.3d 509, 516 (6th Cir. 2003). However, "that point is usually summary judgment and not dismissal under Rule 12." Wesley v. Campbell, 779 F.3d 421, 433–34 (6th Cir. 2015); see Buddenberg v. Weisdack, 939 F.3d 732, 738–39 (6th Cir. 2019) (noting that Sixth Circuit "ha[s] cautioned that 'it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity'").

Accordingly, the Court rules as follows:

(1) The R & R (Doc, No. 28) is **ACCEPTED** and **APPROVED**;

(2) Jamison's Objection (Doc. No. 30) to the R & R is **OVERRULED**;

(3) Defendants' Motion to Dismiss (Doc. No. 15) is **GRANTED IN PART** and **DENIED IN PART**:

    (A) The Motion is **GRANTED** with respect to Montgomery's claims

4

against Granvisse Earl, and he is hereby **DISMISSED** from this action; and

(B) The Motion is **DENIED** with respect to the claims against Kinya Jamison.

This case is returned to Magistrate Judge Newbern for further pretrial case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE